FORD v. JUDSONIA MERCANTILE CO.

JURISDICTION:    *Conflict of.*

> After property belonging to the defendant in an action at law has been seized under an order of attachment issued by the Circuit Court, the exercise of that court's jurisdiction over it cannot be interfered with by the order of a court of chancery appointing a receiver, and directing the transfer of the property to his possession.

APPEAL from *White* Chancery Court.

D. W. CARROLL, Chancellor.

The Judsonia Mercantile Company, a private corporation doing business in White County, being insolvent, on the 27th day of September, 1887, conveyed all of its real and personal property, notes and accounts to G. W. Henson in trust for the benefit of the plaintiffs (except the Judsonia Mercantile Company, and G. W. Henson) who were creditors of said company in the sum of $5,530.87-100. . By the stipulations of the deed the trustee was authorized to sell the stock of merchandise at retail at private sale for twenty days, and then upon twenty days' notice sell the stock of merchandise remaining unsold, together with all the other property mentioned in the deed, at public auction, collect the notes and accounts and apply the proceeds of the sale and collection to the payment of plaintiffs' debts, the cost of the trust and the taxes remaining unpaid, and the residue if any to be turned over to the treasurer of the Judsonia Mercantile Company for the care and benefit of the other creditors. The deed was filed for record on the day of its execution; the trustee took

possession and began to sell at private sale. The defendants in this suit, with the exception of J. H. Ford, Sheriff, were creditors of said corporation. Their claims in the aggregate amounted to more than $5,000, and they instituted in the White Circuit Court suits by attachment upon their respective claims. Orders of attachment were issued thereon, delivered to the Sheriff of White County and by him levied upon all of the real and personal property in said deed mentioned which had not been sold by the trustee, the Sheriff taking the property into his custody. While said property was in the custody and possession of the Sheriff, by virtue of said orders of attachment, on the 1st day of October, 1887, without notice of any kind to defendants, plaintiffs presented their complaint to Hon. D. W. Carroll, Chancellor for the First District of Arkansas, at chambers, in the City of Little Rock, who thereupon indorsed an order thereon appointing the trustee in said deed receiver, and directing that upon said receiver executing bond in the sum of $10,000 for the faithful performance of his duty as receiver, that he take possession of the property described in the deed, and sell and dispose of the same according to the provisions of the deed and the notices given by him as trustee; and the Sheriff was ordered to release and turn over to said receiver all the property in his possession by virtue of the levy of said attachment, which was accordingly done. At the December term, 1887, of the White Chancery Court, said cause was docketed and the defendants appeared and filed their demurrer to the complaint. The demurrer was overruled and the defendants electing to stand thereon a final decree was rendered giving effect to said deed according to the prayer of the plaintiffs. The defendants appealed.

*McRae & Rives* and *J. W. House*, for appellants.

1. Want of jurisdiction is good ground of demurrer where it appears on the face of the bill. *16 Ohio, 373; 47 Am. Rep., 377.*

The Circuit Court having acquired control of the subject matter, and having ample power and jurisdiction over the same, had the right to retain it for final disposition, and the Chancery Court was without jurisdiction. *16 Ohio, 373; 34 Ark., 410; 14 id., 50; 34 id., 188; Mansf. Dig., secs. 327 and 390.*

2. The instrument was an assignment and void. *Bump. Fr. Conv., 321; 1 Fed. Rep., 768; Burrill on Ass., sec. 2; 3 Md., 11; 13 id., 392; Mansf. Dig., sec. 390; 37 Ark., 150; 39 id., 66.*

*W. R. Coody*, for appellees.

Jurisdiction of the court depends upon the state of things at the time the action is brought, and if once rightfully acquired, it cannot be ousted by any subsequent court or circumstances. *14 Ark., 50; 2 Ark., 168; 3 Ind., 190; 2 Wheaton, 290; 34 Ark., 419.*

When the concurrent jurisdiction is between *law* and *equity* courts, a party has his election in which court he will seek his remedies, and cannot be compelled to submit to a trial in a court of law when he prefers a court of equity. *6 Ark., 85–317; 1 id., 186; 2 J. J. Marsh. (Ky.), 138–513; 13 Ark., 202–600.*

This was a trust fund in the hands of a trustee, and a court of equity had jurisdiction, and appellees having selected that tribunal and appellants having entered their appearance, the court acquired jurisdiction also of their persons, as of the subject matter, and had full authority to dispose of the whole case. *Mansf. Dig., sec. 4929; 36 Ark., 228; 4 Ark., 303; 37 id., 287; 4 John. Chy., 658; 38 Ark., 25–28; 1 McCrary, 136; 14 Ark., 32; 29 id., 475; 1 id., 31; 30 id., 246–90; 6 Ark., 357–9; 22 id., 277; 35 id., 331.*

2. The instrument was a deed of trust or mortgage. *40 Ark., 146; 38 id., 207; 13 id., 112; 23 id., 479.*

HEMINGWAY, J. When the complaint was filed and the application to appoint a receiver presented, the property involved

Ford v. Judsonia Mercantile Co.

was in the custody of the Sheriff, who had seized and held it under writs of attachment from the White Circuit Court, against the property of the Judsonia Mercantile Company.

It appears from the complaint that the property belonged to the defendant in the writs ; it was therefore rightly seized in obedience thereto. In this respect the facts differ from those presented in the case of *Willis v. Reinhardt,* decided during the present term, in which we ruled, that a stranger to an attachment might maintain replevin against an officer who seized his goods under a writ against the goods of the defendant in the suit.

The goods belonging to the defendant in the writs, and being properly held by the Sheriff thereunder, were in the custody of the court from which they issued, and under its control. CONFLICT OF JURISDICTION. The Sheriff held them subject to the order of that court, and his possession could not be disturbed without interfering with that court in the exereise of its jurisdiction. But authority to do this appertains only to courts of supervisory or appellate powers, and as the Chancery Court has no supervisory control over the Circuit Court, it follows that It could not take this property from the Sheriff into the custody of its receiver. Such a practice would cause an unseemly clash of jurisdiction, that should be exercised in perfect harmony; and there is neither reason nor authority to justify it. *Buck v. Colbath, 3 Wal., 334; Thompson v. Van Vechter, 5 Duer, 618; Veret v. Duprez, 6 L. R. Eq. Cas., 329; Hitchen v. Birks, 10 ib., 471; Wilmer v. A. & R. Ry. Co., 11 Myers Fed. Dec., sec. 300.*

Such a bill might be entertained if all parties representing the conflicting interests consented, by so drafting orders as to avoid the improper interference by one court with property in the custody of another. We are advised that such a practice has prevailed, and observation satisfies us that it has proven salutary ; but it can only be approved where the consent of parties obviates the difficulty indicated.

The bill presents no other ground for equitable relief, and

for the reasons indicated the demurrer to the complaint should have been sustained. The judgment will be reversed and the cause remanded with direction to sustain the demurrer.