# CASES DETERMINED

# SUPREME COURT OF ARKANSAS.

---

WALKER *v.* GEORGE TAYLOR COMMISSION CO.

Opinion delivered April 2, 1892.

*Conflict of jurisdiction—No interference with receiver's possession.*

Where, on the failure of an assignee to qualify, the property assigned is placed in the hands of a receiver, his possession pending the suit cannot be interfered with under process from a court of concurrent jurisdiction.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*Atkinson, Tompkins & Greeson* for appellant.

*Murry & Kinsworthy* for appellee.

HUGHES, J. On the 14th day of February, 1890, the appellant, Walker, a merchant, executed a general assignment for the benefit of his creditors, preferring A. A. Key and nine others, and appointing B. F. McGill assignee. On the same day the said A. A. Key filed a complaint in the circuit court in chancery, praying the appointment of a receiver to take charge of the effects conveyed by the assignment, alleging that the assignee, McGill, had refused to qualify. The court appointed J. C. Barnard receiver, who refused to qualify ; and the court then appointed W. W. Hall receiver on the 17th of February, 1890, on which day Hall's bond was filed

and approved ; and he qualified as such receiver, and took possession of the property.

On the 21st day of April, 1891, the appellee sued out an attachment, and had it levied upon the funds in the hands of the receiver. The justice of the peace sustained the attachment. Upon appeal to the circuit court, it declared the assignment void, and sustained the attachment.

The chancery court had jurisdiction to appoint a receiver, and when it had done so, and the receiver had taken possession of the property, his possession was the possession of the court, which could not be interfered with by any other court of concurrent jurisdiction, even pending the litigation. *Buck* v. *Colbath*, 3 Wallace, 334. The justice of the peace had no jurisdiction to determine the rights of the assignee under the assignment, and, on appeal from his judgment, the circuit court acquired no such jurisdiction. "It is well settled that after a receiver has been appointed, and has taken the rightful possession of the property, it is a contempt of court for a third person to attempt to deprive him of that possession by force or even by a suit or other proceeding, without the permission of the court by whom the receiver was appointed." *Angel* v. *Smith*, 9 Vesey, 335 ; *Thompson* v. *Scott*, 4 Dill. 508 ; *Parker* v. *Browning*, 8 Paige, Ch. 388 ; *Ford* v. *Judsonia Mercantile Co.*, 52 Ark. 426.

The personal judgment is affirmed. The judgment sustaining the attachment is reversed, and the cause remanded with directions to discharge the attachment as to the property in the hands of the receiver.

Opinion on rehearing filed May 16th, 1892.

HUGHES, J.   A motion for rehearing or modification of the judgment of the court in this cause has been made.

After an assignment had been made by the appellant for the benefit of his creditors, and a receiver had been appointed, and had taken possession of the property included in the assignment, the appellee sued out an attachment against the appellant before a justice of the peace, and had it levied upon funds in the hands of the receiver. The justice of the peace declared the assignment void, and sustained the attachment; and, upon appeal to the circuit court, it did the same. We said in the opinion that the justice of the peace had no jurisdiction to determine the rights of the assignee under the assignment, and that upon appeal the circuit court acquired none. We reversed the judgment, and discharged the attachment as to the property in the hands of the receiver.

The effect of the judgment of the circuit court would have been that the officer charged with the execution of the process of the court could seize and sell property lawfully in the possession of the chancery court. This could not be the case, as it would produce an unseemly conflict of jurisdiction between the law court and the chancery court. The opinion does not mean that the attachment should be dismissed. The plaintiff in the attachment suit, it may be, will have the right to subject the property to the payment of his demand, if the assignment should be adjudged to be void. But the rights of the assignee under the assignment must be settled in the chancery court.

The motion is denied.