GILKERSON-SLOSS COMMISSION CO. *v.* CARNES.

Opinion delivered June 25, 1892.

1. *Conflict of jurisdiction—Law and equity.*

A court of chancery will not, in order to avoid a multiplicity of suits, restrain a sheriff from proceeding to execute writs of attachment issued from a court of law of competent jurisdiction.

2. *Fraudulent conveyance—Preference.*

Since an insolvent debtor may prefer a creditor, he may convey property in payment of a debt justly due if the price obtained is not less than the value of such property.

Appeal from White Chancery Court.

DAVID W. CARROLL, Chancellor.

Demby & Wymer, merchants at Judsonia, Arkansas, being embarrassed, sold their stock of goods on June 4, 1889, to two of their creditors, the Gilkerson-Sloss Commission Co. and Hill & Sons, in payment of their respective claims, aggregating $1980.95. After the sale was completed, certain other creditors of Demby & Wymer sued them, and procured attachments to be levied upon the stock of goods. Thereupon the Gilkerson-Sloss Commission Co. and Hill & Sons brought this suit to restrain the sheriff and the attaching creditors from interfering with their possession of the property, alleging that under the attachments the property would be sold and dissipated, to their great and irreparable damage, and that, to prevent a multiplicity of suits, they were obliged to have recourse to a court of equity.

The defendant filed an answer and cross-bill, alleging that plaintiffs' purchase was fraudulent. They averred that, on February 1, 1889, Demby & Wymer were indebted to themselves and other creditors (including plaintiffs) in the sum of $3493.50. That on said day Demby & Wymer were in possession of a stock of goods of the value of $3600, and claimed to have good accounts of the value of $1500, making a total of $5880. That all of said creditors, except the plaintiffs, were proposing to institute suits upon their said claims, because their claims were past due, and Demby & Wymer had failed and refused to pay them; that, by reason of the solicitations and representations of the plaintiffs and the said Demby & Wymer, they were induced to forego their advantage and right to at once institute suits upon said claims, and to grant to the said Demby & Wymer an extension of time upon their said accounts of three, six, nine and twelve months; and accepted their promissory notes, payable accordingly. That they were influ-

enced and induced to grant said extension upon the statements of the plaintiffs—mainly upon the representations of the said Gilkerson-Sloss Commission Company. That the said Gilkerson-Sloss Commission Company entered into an agreement with said debtors to induce the other creditors who were located at St. Louis to grant to said debtors an extension of time, and, in pursuance of said agreement, did induce said creditors to grant such extension of time. That the first payment of said notes fell due June 3d, 1889, and that, on June 4th, 1889, said debtors pretended to sell all of their stock of goods to plaintiffs for but little over half its real value. That said pretended sale "was in pursuance to an arrangement and agreement entered into by and between Demby & Wymer and Gilkerson-Sloss Commission Company," made at the time said company agreed to influence their St. Louis creditors to grant the said extension of time, said extension being secured by letters and statements of said Commission Company, as already averred, with the purpose of lulling the other creditors into a false repose, and in the end to receive all of the debtors' assets themselves. That it was the general belief among all the creditors of said parties that, in the event said debtors were unable to meet their said indebtedness, upon said extension, their assets would be distributed ratably, without preference, among all the creditors ; and that this belief was induced by the statements of the plaintiffs, especially the statement of Gilkerson-Sloss Commission Company, who urged upon said other creditors that said debtors were solvent, that they had every confidence in their honesty and integrity, and in their honest intention to distribute their assets ratably among their creditors. The prayer was that the bill of sale should be declared fraudulent, that distribution be made of the assets, and that a receiver be appointed.

The answer to the cross-bill put in issue all the material allegations therein.

Upon the evidence, the court rendered a decree dismissing the original bill and setting aside the sale to the Gilkerson-Sloss ·Commission Co. and Hill & Sons, in accordance with the prayer of the cross-bill. From this decree plaintiffs have appealed. The evidence sufficiently appears in the opinion.

*Morris M. Cohn* for the appellants.

1. The evidence fails to establish that the appellees were influenced or induced to grant an extension by appellants, to their injury.

2. A debtor may prefer a creditor in good faith, and the fact that it hinders other creditors does not avoid the sale. Bump. Fr. Conv. (2d ed.) 184-5-6-7; see also 23 Ark. 258; 31 *id.* 167; 115 U. S. 61; 10 S. W. Rep. 458; 72 Tex. 272; 2 Big. Fraud, 490-1; 95 Mo. 373; 38 Mo. App. 73-79.

*McRae & Rives* for appellees.

The misrepresentations of the appellants were a fraud upon the defendant creditors. 38 Ark. 334; 2 Pom. Eq. Jur. secs. 879, 880, 884. They were misled to their injury. *Ib.* sec. 873.

MANSFIELD, J. The facts stated in the original complaint do not entitle the plaintiffs to relief in a court of equity, and so much of the decree appealed from as dismisses that complaint is affirmed. *Ford* v. *Judsonia Mercantile Co.* 52 Ark. 426; *Walker* v. *George Taylor Com. Co., ante* p. 1. 

1. No conflict of jurisdiction between law and equity.

The material allegations of the cross-complaint are denied, and the proof adduced does not support them. The sale of the merchandise could not be avoided, without showing that Demby & Wymer made it to defraud their creditors, and that the purchasers, Gilkerson-Sloss Commission Co. and Hill & Sons, participated in the fraud. *Trieber* v. *Andrews*, 31 Ark. 167. But the proof

2. Preferences not fraudulent.

is that the goods were sold in satisfaction of debts justly due to the purchasers, and that the price obtained for them was not less than their value. Such being the nature of the transaction, it was but a preference of creditors which the law permitted the insolvent debtors to give, and the preferred creditors committed no fraud in accepting it, even if they knew the effect would be to prevent the collection of other claims. *Christian* v. *Greenwood,* 23 Ark. 258; Bump, Fraud. Conv. p. 186.

It is said, however, that the sale was made pursuant to a previous agreement entered into by the vendors and vendees for the purpose of giving the latter an unfair advantage over the other creditors. And it is contended that such an agreement is shown by the assistance which the Gilkerson-Sloss Commission Co. and Hill & Sons gave to Demby & Wymer in procuring the extension of time granted by creditors of the latter, and also by efforts made by the former to induce other creditors to bring no suits for the recovery of their debts. The extension referred to was given in March, 1889, and it appears that the creditors granting it took notes for their debts payable at three, six, nine and twelve months. The sale in question took place on the 4th of June, 1889, after the maturity of the extension notes due at three months, and after it was known that they would not be paid. It does not appear that the stock of merchandise had been increased in the meantime, or that the sale would not have been equally advantageous to the purchasers before the extension was granted. So far as this record shows, Hill & Sons did nothing to aid in procuring the extension, beyond assenting to it themselves, and took no action to induce any creditor to refrain from suing. The Gilkerson-Sloss Commission Co. granted the extension, and spoke favorably of it to some of the other creditors. And one witness testifies that a person connected with that company told him, about the time

the extension was granted, that they had no intention of taking any legal steps for the collection of their claim. But this was several months before the sale, and it is not proved that the person making the statement was an officer or business manager of the company, or that he controlled the collection of their debts. Another witness, a creditor who granted no extension, says that he understood John Gilkerson, the president of the Commission Company, to say that all the creditors would be upon an equal footing if the extension should be granted; and that Gilkerson requested him not to sue. But Gilkerson testifies that he only made, to the creditor referred to, a statement of the facts communicated to his company, and expressed the opinion that Demby & Wymer would be better enabled to pay their debts if they obtained an extension. We find nothing in the evidence tending to show that the purchase of the merchandise was contemplated at the time the extension was granted, or that there was any agreement looking to a sale before the day on which it was made. On that day and prior to the sale it appears that the plaintiffs in the cross-complaint endeavored to obtain a confession of judgments for their debts; and we cannot see that good faith any longer required non-action on the part of the appellants.

The decree setting aside the sale will be reversed, and the cross-complaint will be dismissed.