CESSNA FINANCE CORPORATION *v.* Homer SKELTON, et al.

85-179                                    700 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered November 25, 1985

*Nance, Nance & Fleming, P.A.*, by: *C.B. Nance, Jr.*, for appellant.

*Skillman & Durrett*, by: *Chadd L. Durrett, Jr.*, for appellees.

DAVID NEWBERN, Justice. The appellant, Cessna Finance Corporation (Cessna), brought a garnishment action in Crittenden County Circuit Court with respect to funds being held by the Crittenden County Sheriff. The money, a $25,000 cashier's check, had been deposited with the sheriff by Homer Skelton in lieu of bail for Jack Hoback who had been charged with a criminal offense. After the bond had served its purpose and Hoback had appeared for his criminal trial, the sheriff brought a separate interpleader action in the chancery court, naming Cessna, Hoback and Skelton as possible claimants of the money. Except for the ten percent he retained pursuant to Ark. R. Crim. P. 9.2, the sheriff had no interest in the money. The chancellor held that the remaining money belonged to Skelton and was not subject to attachment by Cessna to satisfy a debt owed by Hoback to Cessna. We affirm.

Cessna argues first that it was error for the circuit court to allow the garnishment action to be transferred to the chancery court and that the chancellor cannot take jurisdiction of funds on deposit in the circuit court. Secondly, Cessna argues that the money belonged to Hoback and thus should have been subject to attachment to satisfy Hoback's debt to Cessna. Cessna's last argument is that the chancellor erred in implying, at least, that Ark. Stat. Ann. § 31-118 (Repl. 1962) is unconstitutional to the extent that by permitting bail bond money to be attached it may have the effect of denying bail altogether. We need not address this last argument because the chancellor's remarks about the unconstitutionality of the statute had no effect on the outcome of the case either at trial or in this appeal.

## 1. Transfer to Chancery Court

The garnishment action which was begun in the circuit court was transferred to the chancery court in response to a motion by the sheriff, who was the garnishee, after he had filed his interpleader action in the chancery court. The circuit court ordered the garnishment action transferred to the chancery court, recognizing that the interpleader action was the proper vehicle to ascertain the rights of all parties in the funds.

■■ Cessna contends the funds were in *custodia legis*, and thus subject only to the circuit court's order, because they were in the hands of the sheriff under the authority of the circuit court. The only case authority cited in support of this argument is *Ford* v. *Judsonia Mercantile Co.*, 52 Ark. 426, 12 S.W. 876 (1889), in which it was held that property which had been seized by a sheriff pursuant to a writ of attachment and was thus under the control of the circuit court could not be subjected to a receivership by the chancery court. In that case there was a jurisdictional conflict. Here the circuit court ordered the attachment case transferred, saying specifically that the interpleader action in chancery was ". . . the proper cause of action to litigate the rights of the respective parties in the money held by R. L. Simmons, Sheriff. . . ." We have in this case no possible dispute between the circuit and chancery courts over jurisdiction, thus *Ford* v. *Judsonia Mercantile Co.*, *supra*, does not apply. In transferring the case, the circuit court properly applied the general rule that interpleader takes precedence over actions filed earlier involving the same subject matter. *Goad* v. *Goad*, 238 Ark. 12, 377 S.W.2d 822 (1964). While the sheriff could have had his interpleader as a defendant in the circuit court garnishment action, Ark. R. Civ. P. 22, we find no error in the transfer of that action to the interpleader litigation he brought as a plaintiff in the chancery court.

## 2. Whose Money Was It?

■ We agree with Cessna's argument that the money put up as a bail bond was subject to garnishment while it was in the hands of the sheriff. Ark. Stat. Ann. § 31-118 (Repl. 1962); *McGill* v. *Robbins*, 231 Ark. 411, 326 S.W.2d 540 (1959). However, Cessna argues further that because Ark. Stat. Ann. § 43-719 (Repl. 1977) says "he," meaning the criminal defendant,

in this case Hoback, may deposit money in lieu of bail, we must find the money belonged to Hoback. Cessna also contends that because such bond money could be subjected to a fine imposed on Hoback we must conclude the money belonged to him and was a loan or gift to him from the bondsman Skelton. These are tenuous arguments at best, and we are simply unwilling to say that because § 43-719 permits the criminal defendant to deposit cash in lieu of bail the money must be deemed to belong to him. No authority cited by the appellant forces that conclusion, and it would have a disastrous effect on our bail bond system if money put up by a bondsman were held to be subject to garnishment for the debts of the criminal defendant.

■ Nor are we convinced that because the money may be subjected to a fine levied in the criminal proceedings it therefore must become the property of the criminal defendant. While the bail bondsman may run the risk of having his money subjected to the criminal defendant's obligation to the state, nothing cited by Cessna holds he runs the risk of having the money subjected to all the criminal defendant's debts.

While we have not previously been called upon to decide this question of ownership of money put up as a bail bond by a third party, other jurisdictions have, and they have concluded the money belongs to the party who deposited it on behalf of the accused. *Mundell* v. *Wells*, 181 Cal. 398, 184 P. 666 (1919); *Wright and Taylor* v. *Dougherty*, 138 Iowa 195, 115 N.W. 908 (1908).

■ All of the objective evidence showed Skelton owned the money, and he delivered it to the sheriff expecting to have it returned, less the required deduction, upon Hoback fulfilling his appearance obligation. It was thus proper for the chancellor to hold the money was not subject to garnishment for Hoback's debt.

Affirmed.

PURTLE, J., not participating.