Thomas F. STORY *v.* STATE of Arkansas

91-106                                              883 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Appellant, pro se.*

No response.

PER CURIAM. In 1991 the petitioner Thomas F. Story filed in this court a *pro se* petition for writ of mandamus in which he contended that the Hon. Francis Donovan, Circuit Judge, had failed to act in a timely manner on a motion for return of bail filed in the Circuit Court of Searcy County on September 26, 1988.[1] We granted the petition, and the writ was issued on May 20, 1991. Petitioner now seeks to file a second petition for writ of mandamus in the matter based on his contention that the motion for return of bail remains pending. He asks that the fee to file a petition for writ of mandamus be waived and that this court enforce the writ of mandamus issued in 1991 and compel action on the pending motion. He states that the Hon. David Reynolds, Circuit Judge, is now assigned responsibility for ruling on the motion.

---

[1] In the motion for return of bail filed in the trial court in 1988, petitioner stated that (1) he was charged in 1986 with aggravated assault and admitted to bail in the amount of $7,500.00 which he deposited in cash; (2) the bail was reduced to $5,000.00 at arraignment; (3) he was found guilty on March 10, 1987, and surrendered to the county sheriff on February 3, 1988; and (4) because there were no pending charges related to the deposited bail, he was entitled to the return of the $5,000.00 on deposit.

We will permit the second petition to be filed without fee as the petition is a continuation of the first petition for writ of mandamus. However, the record provided by petitioner is not sufficient for further action, as the status of the motion for return of bail cannot be determined with certainty. The record contains a letter dated January 20, 1993, from Judge Reynolds to Mr. Kenneth Fuchs, an attorney designated as representing petitioner, which states that the "case is set for pre-trial" on February 19, 1993. There is also an order entered February 10, 1993, dismissing petitioner's motions for post-conviction relief filed on or before June 24, 1991, on the ground that a hearing had been scheduled for December 21, 1992, at which petitioner failed to appear although every effort had been made to contact him and his attorney, if one had been retained. It is not clear whether the motion for release of the bail money was included with the post-conviction pleadings and dismissed. The purpose of the hearing set for February 19, 1993, is also not clear from the record. Petitioner contends that he had never sought any post-conviction relief.

Because this court has already issued a writ of mandamus to compel action of the motion for return of bail and it cannot be ascertained whether the motion is still pending, we remand this matter to the trial court. The trial court is directed to provide a copy of any order it may have entered disposing of the motion or, if the motion remains pending, to act on the motion forthwith and provide this court with a copy of its order.

Motion granted; matter remanded.