Thomas F. STORY *v.* STATE of Arkansas

95-504                                                929 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered September 30, 1996
[Petition for rehearing denied November 11, 1996.]

*Appellant*, Pro Se.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Thomas Story was arrested for aggravated assault and, after arraignment, was freed on $5,000 cash bail. A jury found him guilty, and the trial court sentenced him to one year of imprisonment and amerced a fine of $5,000. After his conviction, and while his case was on appeal, he was allowed to remain free on the same cash bond. The court of appeals affirmed the judgment of conviction in a nonpublished opinion. *Story* v. *State*, CACR 87-137 (Ark. App. Jan 13, 1988). Story served his sentence, but did not pay the fine. The county retained the $5,000 cash posted as bond and treated it as payment of the fine. Story, without the assistance of counsel, filed this suit for return of the money. His complaint alleged that "as surety, I deposited the sum of $7,500 as cash for the said defendant" and that bond was later reduced to $5,000. He alleged that the "proof of deposit issued to me is annexed hereto," but it is not in the record. He sought an order of the circuit court directing the county treasurer to refund the $5,000.

After some procedural confusion below, we issued a *per curiam* opinion on September 19, 1994, remanding the case to the trial court to provide a copy of the order disposing of Story's motion for return of bail or, if the trial court had not disposed of the motion, to act on it forthwith. *Story* v. *State*, 318 Ark. 47, 883 S.W.2d 450 (1994). On October 11, 1994, the trial court ruled that all of Story's postconviction motions, except return of bond money, had been decided. The trial court then asked if the facts were to be stipulated on the motion to refund the bond money. Story responded that the $5,000 was posted by a bondsman. The trial court

countered that the records reflected that Story personally posted the bond. Story contended by argument, and not by sworn testimony, that a bondsman had posted the bond; that he repaid the bondsman; and that the bondsman assigned him the right to receive the money. However, there was no formal stipulation of the latter contention. The deputy prosecutor said nothing.

Story later filed his brief and, with attached affidavits, showed that he was arrested and incarcerated on August 13, 1986; that he called Theresa Harrigan and asked her to post the $7,500 required for cash bail; that she deposited $7,500 cash on August 14, 1986; that he gave Harrigan a suretyship promise of repayment; that the trial court reduced the amount of bail to $5,000; that he reduced his suretyship payment to $5,000; that, after his release, he repaid Harrigan the $5,000; and that, in return, she assigned to him all of her rights to the money. Story alleged that he filed the complaint for return of the money on the basis that he had provided "indemnification compensation" as "surety" and that the money deposited belonged to the surety and could not be used to pay the defendant's obligations. It is not clear from the record whether the trial court gave consideration to the facts stated in the affidavits, but it makes no difference to the outcome of the case.

On February 8, 1995, the trial court entered an order denying Story's petition. The order stated, in part, that Story had not paid the $5,000 fine and that, under Ark. Code Ann. § 16-84-115(3) (Supp. 1995), the cash bail "*deposited by the defendant*" could be applied to satisfy the $5,000 fine. It is from this order that appellant appeals. We affirm the trial court's ruling.

Section 16-84-115 of the Arkansas Code Annotated (Supp. 1995) provides that when a defendant is admitted to bail in a specified sum, he may deposit the sum with the proper official in the county where the trial is to be held, take the receipt to the officer whose custody he is in, and be discharged. The Section further provides:

> (2) Where money is deposited, the proper city or county official shall hold and pay the money according to the orders of the court having jurisdiction to try the offense, and he and his sureties shall be liable for the money on their official bond.

> (3) Upon judgment being rendered against a defendant

for fine and costs, the court rendering judgment may order any money deposited agreeably to this section to be applied to the payment thereof. This subdivision shall not apply to a bail bond of a bail bondsman.

Ark. Code Ann. § 16-84-115(2) & (3) (Supp. 1995).

The trial court was correct in ruling that the language of the above statute authorized it to order the money deposited by Story to be applied to the fine. Story contends the ruling was in error and bases his arguments on *Cessna Finance Corp. v. Skelton*, 287 Ark. 378, 700 S.W.2d 44 (1985), and the last sentence of subpart (3), quoted above, relating to bail bondsmen. *Skelton* involved a finance company that sought to levy on a cash bond posted by a bondsman. The finance company sought to collect a general debt owed it by the defendant. Under those facts, we held that the bondsman owned the money and delivered it to the county with the expectation that it would be returned to him, less the required deductions, upon the defendant fulfilling his appearance obligation. The case is not applicable to the facts of the case at bar because here the trial court found the bond was "deposited by the defendant," and, even under Story's alleged facts, he owned the money at the time of forfeiture.

■ Similarly, the last sentence of Ark. Code Ann. § 16-84-115(3) is not applicable to the facts of this case for any of three reasons. First, the last sentence was added to subsection (3) in 1989. *See* 1989 Ark. Acts 417, § 5. Prior to Act 417 of 1989, Ark. Code Ann. § 16-84-115(3) was codified at Ark. Code Ann. § 16-84-113(c) (1987) and did not contain the provision that the subsection did not apply to bail bondsmen. Second, the trial court found that the cash bail was "deposited by the defendant"; thus, no bondsman was involved, and, under the statute, the trial court could order that Story's money should be applied to pay the fine. Story's brief contends that he did not deposit the cash bond, but there was substantial evidence for the trial court's finding. The court records showed that Story deposited the money, and Story failed to attach an alleged "proof-of-deposit" showing Theresa Harrigan deposited the money. The alleged documents that Story refers to on appeal were not part of the record before the trial court at the hearing: they were supplied later as affidavits attached to his trial court brief. Third, even if the trial court might have considered the documents, they would have shown that Theresa Harrigan initially posted the

bond, but Story refunded $5,000 to her and, in 1988, took an assignment of all of her rights to the money.

■ An assignment "ordinarily passes to the assignee all of the rights, title, or interest of the assignor in or to the property or property rights that are comprehended by the terms used, or are within the intention or understanding of the parties, as ascertained in accordance with the general rules of construction." *Turner* v. *Rust*, 228 Ark. 528, 535, 309 S.W.2d 731, 735 (1955) (quoting 6 C.J.S. *Assignments* § 84 (1937)). Harrigan assigned her rights in the money to Story in 1988, after his conviction was affirmed. Thus, Story became the owner of the money in 1988. Seven years later, in 1995, when the order now on appeal was entered, Story still had not paid his fine. Thus, even under Story's version of the facts, the trial court had the authority to order the money paid to satisfy the fine under Ark. Code Ann. § 16-84-115(3).

Affirmed.