ALLEN, Respondent, vs. CENTRAL WISCONSIN TRUST COMPANY, Trustee in Bankruptcy, Appellant.

SAME, Appellant, vs. SAME, Respondent.

*September 15—October 4, 1910.*

*Bankruptcy: Exemptions: Life insurance policy payable to wife: Right to change beneficiary: Dividends.*

1. A policy of insurance upon the life of the husband, from which the investment feature has been eliminated by the payment of the surplus to the insured at the end of the tontine period, and which remains strictly a paid-up policy of life insurance payable to the wife, is exempt from the claims of the creditors of the husband and does not pass to his trustee in bankruptcy; nor does the right or power to change the beneficiary, reserved by the terms of the policy to the insured, pass to such trustee.

[2. Whether the wife, as beneficiary in such a policy, has the sole, absolute, and indefeasible title thereto, under sec. 2347, Stats. (1898), notwithstanding the reservation in the policy of the right of the insured to change the beneficiary, is not determined.]

3. Assuming that in such a case the insured husband has the right to change the beneficiary, his exercise of that right after he has been adjudged a bankrupt would not convert the policy into property which would then pass to the trustee, it having been exempt at the time of such adjudication.

4. The fact that such a paid-up policy shares in annual dividends, the amount of which is likely to vary from year to year, does not destroy its essential character as a purely life insurance contract, the dividend being a mere incident of the policy, the right to receive which is in the beneficiary.

APPEALS from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action of replevin to recover a policy of insurance issued by the Northwestern Mutual Life Insurance Company of Milwaukee upon the life of Philip Allen, Jr., February 21, 1888, for the sum of $2,000. The policy provided for the payment of an annual premium of $118.34 for ten years. At the end of twenty years, and prior .to the time plaintiff was made the beneficiary, the insured exercised an option to withdraw in cash the accumulated surplus, then amounting to $705.31, apportioned by the company to this policy, and it was then continued as a fully paid-up life insurance policy for the sum of $2,000 and became entitled to annual dividends until all contributions to the surplus fund had been returned. The annual dividend for 1910 amounted to $11.40. The value of the policy at the time of the commencement of the action was $1,159.83.

From the time the policy was issued until February 23, 1908, it was payable to the executors, administrators, or assigns of Philip Allen, Jr. On that day, at the request of the insured, the plaintiff was made the beneficiary, and the following indorsement placed upon the policy by the company:

"Milwaukee, Wis., Feb. 27, 1908.

"At the request of the insured, dated February 23, 1908, *Edith L. Allen,* wife of the insured, is hereby made beneficiary in this policy, subject to the right of the insured to change beneficiary as provided on the second page of this policy. If no beneficiary survive the said insured, payment shall be made when due to the executors, administrators, or assigns of the said insured."

The second page of the policy contained this provision:

"The insured may, subject to the rights of any assignee, change the beneficiary or beneficiaries at any time during the continuance of this policy by filing with the company a written request accompanied by this policy; such change to take effect upon the indorsement of the same on the policy by the company."

On November 20, 1909, said Allen was adjudged a voluntary bankrupt, and thereafter the defendant was duly

elected the trustee of the bankrupt estate and is still acting as such trustee.

The trial court held that the policy did not pass to the *Central Wisconsin Trust Company* as trustee in bankruptcy of Philip Allen, Jr., as a part of the assets of said bankrupt, but that upon the death of said Philip Allen, Jr., if the same shall occur during the life of the plaintiff, the latter will be entitled to recover the insurance provided for in said policy. It further held that the *Central Wisconsin Trust Company*, as trustee, was entitled to recover the insurance provided for in said policy upon the death of said Philip Allen, Jr., if he shall die after the decease of *Edith L. Allen*, the plaintiff, and that said trustee in bankruptcy was also entitled to collect each year the annual dividends that shall be paid on said policy and is entitled to retain possession of said policy until the death of said Allen, and that in case the plaintiff shall still be living, the defendant is to deliver said policy to the plaintiff; and dismissed the complaint with costs.

The plaintiff appeals from that portion of the judgment which provides that the defendant will be entitled to recover the insurance provided in said policy upon the death of said Philip Allen, if he shall die after the decease of *Edith L. Allen*, the plaintiff, and from that portion of the judgment which adjudges that the defendant is entitled to collect the annual dividends which shall be paid on said policy, and from that portion of the judgment which adjudges that defendant is entitled to retain possession of said policy until the death of said Allen, and from the dismissal of the plaintiff's complaint. The defendant appeals from the judgment on the ground that the trial court should have decreed that the policy of insurance in question, as to the trustee in bankruptcy of Philip Allen, Jr., is a part of the assets in bankruptcy.

The cause was submitted for the plaintiff on the brief of *Rufus B. Smith,* and for the defendant on that of *Richmond, Jackman & Swansen.*

For the defendant it was contended, *inter alia,* that plaintiff is not the *assignee,* nor is the policy made *payable to her,* nor *made for her benefit,* within the meaning of sec. 2347, Stats. (1898).    She had no vested interest as beneficiary, because the insured always retained the right to designate another beneficiary without her consent.    2 May, Ins. § 399 M; *Hopkins v. N. W. L. Assur. Co.* 99 Fed. 199; *Stoll v. Mut. Ben. L. Ins. Co.* 115 Wis. 558, 561; *In re Slingluff,* 106 Fed. 154; *Mente v. Townsend,* 68 Ark. 391, 59 S. W. 41; *Hopkins v. Hopkins' Adm'r,* 92 Ky. 324, 17 S. W. 864; *In re Orear,* 24 Am. Bankr. Rep. 343; Bankruptcy Act of July 1, 1898 (30 U. S. Stats. at Large, ch. 541), sec. 1 (25); 25 Cyc. 893, and cases in notes; *Hilliard v. Wis. L. Ins. Co.* 137 Wis. 208, 214.

VINJE, J.    1.    Counsel for plaintiff contends that when the plaintiff became the beneficiary of the policy she thereby became vested with the sole, absolute, and indefeasible title thereto by virtue of the provisions of sec. 2347, Stats. (1898), notwithstanding the reservation in the policy of the right of the insured to change beneficiary at any time during the life of the policy.    In the view the court has taken of this case it does not become necessary to decide that question, and it is expressly reserved for consideration and decision when the occasion therefor shall arise.

The policy, after the surplus was withdrawn at the end of the tontine period, and the wife made the beneficiary, was and remained strictly a life insurance policy payable to the wife of the insured.    As such it was exempt from the claims of the creditors of the husband.    Subd. 19, sec. 2982, Stats. (1898), and sec. 2347.    Sec. 6 of the bankruptcy law (Act July 1, 1898, 30 U. S. Stats. at Large, ch. 541) adopts, for purposes of bankruptcy proceedings, the exemptions allowed by the laws of the several states.    1 Remington, Bankruptcy, sec. 1003; *Holden v. Stratton,* 198 U. S. 202, 25 Sup. Ct. 656.    The

policy was, therefore, exempt from the creditors of the husband in the bankruptcy proceedings and did not pass to the trustee.

But it is claimed by counsel for defendant that, inasmuch as the insured reserved to himself the right or power to change the beneficiary, such right or power passed to the trustee, and the cases of *In re Welling,* 113 Fed. 189; *In re Holden,* 114 Fed. 650; *In re Hettling,* 175 Fed. 65; *In re Wolff,* 21 Am. Bankr. Rep. 452; *Matter of White,* 23 Am. Bankr. Rep. 90, and *In re Schofield,* 147 Fed. 862, are cited to sustain the claim. Reference to those cases will show that the policy in each of them was in the nature of an endowment policy, and provided for the payment to the insured, at the end of a stated period, of a fixed, definite sum, and it was held that the insured had property rights in the policy that passed to the trustee notwithstanding it was made payable to the wife in the event of her surviving the husband. We have no such case here. The investment feature of the policy in behalf of the insured was entirely eliminated when the surplus was paid him. Moreover, the bankruptcy act itself specifically declares that such a policy does not pass to the trustee. Sec. 70(a) of the bankruptcy law provides that the trustee of a bankrupt shall "be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, *except in so far as it is to property which is exempt,*" and then specifies different classes of property that pass to the trustee. The federal courts have repeatedly held that the bankruptcy act does not affect ordinary life insurance policies payable to the wife of the bankrupt. In *In re Scheld,* 104 Fed. 870, 871, the court says:

"It will be seen that the clause of sec. 70 above quoted does not include policies of insurance payable to the wife, children, or other kin of the bankrupt, but is limited to policies the proceeds of which are payable to the bankrupt himself, his estate, or personal representatives. The enactment does not deprive

the family of a debtor of the protection which he may have secured to them in taking out policies for their benefit payable at his death, but it does prevent debtors from availing themselves of the opportunity of making investments for their own benefit in the form of endowment policies, or policies payable to themselves, and holding the same while seeking a discharge from their debts through the bankrupt act."

This language is quoted with approval in *In re Holden,* 114 Fed. 650, 52 C. C. A. 348.

It is further claimed that, inasmuch as the insured reserved the right to change the beneficiary, he may yet do so, and convert the policy into property that may pass to the trustee. Conceding, but not deciding, that he still has the right to change the beneficiary, and assuming that he may do so, yet it is not easy to perceive upon what ground it can be claimed that the trustee is at all concerned with what may afterward become of exempt property. The trustee is vested with the title to the property of the bankrupt, if at all, as of the date he was adjudged a bankrupt. At that time this policy was exempt and did not pass to the trustee. It cannot pass later, no matter what the bankrupt may do.

2. It may be said that, inasmuch as this paid-up policy shares in the annual dividends, it is not purely a life insurance policy. Its value at the time of the commencement of the action was $1,159.83 and the annual dividend for 1910 was $11.40. The amount of the dividend is likely to vary from year to year, depending upon interest rates and the cost of conducting the business. It is deemed, therefore, that the dividend is a mere incident of the policy and that it does not destroy its essential character as a purely life insurance contract. *Ellison v. Straw,* 119 Wis. 502, 508, 97 N. W. 68. The right to receive such dividend is in the beneficiary.

It follows from what has been said that the plaintiff is entitled to judgment awarding the possession of the policy to her.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

BARNES, J., took no part.

