CANNON, Trustee in Bankruptcy, Appellant, vs. LINCOLN NATIONAL LIFE INSURANCE COMPANY and another, Respondents.

*May 11—June 20, 1932.*

For the appellant there was a brief by *Stephens, Sletteland & Sutherland,* and oral argument by *Leon A. Isaacson,* all of Madison.

For the respondent Lincoln National Life Insurance Company there was a brief by *Buell & Lucas* of Madison and *R. F. Baird* and *Clyde J. Cover* of Fort Wayne, Indiana, and oral argument by *Frank W. Lucas.*

*Buell & Lucas* of Madison, for the respondent Coats.

A brief was also filed by *Byron H. Stebbins* and *Olin & Butler* of Madison as *amici curiæ.*

FOWLER, J.   The defendant insurance company issued its policy to and on the life of F. W. Coats, a resident of Wisconsin, payable on his death to his wife, the defendant Lucile Elizabeth Coats, in case she survived him, unless previously paid on surrender of the policy under other provisions in it or the name of the beneficiary were changed. Other provisions of the policy are that the policy by its terms is payable to the insured at the age of eighty-five; the cash surrender value is payable to him on surrender of the policy within one month after default in payment of a premium; and the insured has the right to change the beneficiary.

The plaintiff is the trustee in bankruptcy of Coats. The policy was in force at the time Coats was adjudged a bankrupt and its cash surrender value was then $70.84.

By so much of sec. 110 (a), title 11, USCA (sec. 70 a of the Bankruptcy Act of 1898) as is here material, there

is vested in the trustee of a bankrupt, as of the date of the adjudication of bankruptcy, the estate of the bankrupt except as exempt; the powers which the bankrupt might have exercised for his own benefit; and property which prior to the filing of the petition in bankruptcy the bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him. The section contains the proviso that when a bankrupt shall have an insurance policy with a cash surrender value payable to himself, his estate, or personal representative, the bankrupt may pay this value to his trustee and thereby continue to hold the policy as his own free from claims of creditors; otherwise the policy shall pass to the trustee.

Sec. 24 of title 11, USCA (sec. 6 of the Bankruptcy Act) provides that the provision of the title shall not affect the allowance to the bankrupt of the exemption given by state laws at the time of the filing of the petition. Policies of insurance which are exempt under state law, even though payable to the insured during his lifetime and having cash surrender values, are exempt under this provision. *Holden v. Stratton,* 198 U. S. 202, 25 Sup. Ct. 656.

Sec. 246.09 of the Wisconsin Statutes provides that every policy of insurance made payable to any married woman shall be her "sole and separate property . . . free from the control, disposition or claims of her husband . . . and (his) creditors;" and sec. 272.18 provides that "all moneys arising under any policy of insurance payable to a married woman . . . shall be exempt from the claim of her husband . . . and (his) creditors." It is under these provisions that the defendants claim that the cash surrender value of the policy is not payable to the trustee.

In bankruptcy matters the federal courts accept the construction of the state courts of their exemption statutes. *Holden v. Stratton, supra; Hiscock v. Mertens,* 205 U. S.

202, 27 Sup. Ct. 488. This case, although involving a trivial amount, is brought to secure a ruling of this court as to the effect of the above exemption provision. One federal court of the state under the circumstances involved has ruled that a trustee in bankruptcy is entitled to an insurance policy and to recover its cash surrender value from the insurer, and the other has ruled to the contrary. The insurance companies doing business in the state and the bankruptcy officials of the federal courts all desire that the question involved be finally and authoritatively determined.

The learned trial court was of opinion that the case of *Allen v. Central Wis. Trust Co.* 143 Wis. 381, 127 N. W. 1003, rules the case against the plaintiff and decided accordingly. In that case a paid-up life insurance policy was involved payable to the wife of the insured on his death, which had a present value of over $1,100. The trustee in bankruptcy of the husband had the policy in his possession and the wife brought a replevin action to recover it. The court held the policy was exempt under the exemption statutes above stated, which were the same then as now. The policy there involved gave the insured the right to change the beneficiary, as does the policy here in suit, and it was there contended as it is here that this voided the wife's rights to the policy and the money payable under it. The court held that the trustee's rights were fixed as of the time of the adjudication of the bankruptcy, and as the husband had not changed the beneficiary at that time, what he might do thereafter, if anything he could do, could not confer any rights on the trustee. The wife was adjudged possession of the policy. On the authority of that case, if the wife were here suing in replevin she would prevail. If the plaintiff is not entitled to possession of the policy he is not entitled to the cash surrender value of it, which by the terms of the policy is payable only on surrender of the policy. The

same fundamental question—the force of our exemption statutes—was involved in that case as here, and as those statutes determined the rights of the trustee as to possession of the policy, so do they determine the rights of the plaintiff as to recovery of its cash surrender value.

The appellant cites several cases bearing upon the respective rights of the husband and wife under life insurance policies payable to the wife, but no such question is before us. We are concerned only with the rights of the trustee. The exemption statutes were not involved or considered in those cases.

To the suggestion that the trustee is entitled to the cash surrender value of the policy because the bankrupt did not pay over to the trustee that value in compliance with the proviso in the section of the Bankruptcy Act above stated, it would seem proper to say that the proviso only covers policies payable to the insured or his estate or personal representatives, and that as the policy in suit is payable to the wife of the insured the proviso is beside the case. The clause as it stands in the statute is: "When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representative," etc. The phrase "payable to himself, his estate, or personal representative" is in juxtaposition to the phrase "cash surrender value," and would perhaps be construed as meaning the "cash surrender value" was so payable rather than the face of the policy except for the consideration that the term "cash surrender value" does not properly apply to the phrase "payable to the estate or personal representative." Not the "cash surrender value," but the face of the policy is payable to the estate or personal representative. The cash surrender value is payable before death, not afterwards, and so cannot be payable to the estate or personal representative of the insured except on the perhaps possible contingency

that the insured had surrendered the policy and demanded the cash surrender value and died before receiving it, which contingency it can hardly be assumed the clause was intended to cover. The construction indicated seems to have been placed upon the clause in note 369, 11 USCA, 411, respecting "cash surrender value," which treats of "Policies of insurance payable to the insured," not policies of insurance with cash surrender value payable to the insured. But however this may be, as indicated in the note cited as well as above in this opinion, the provision applies only to policies not exempt under the law of the state.

*By the Court.*—The judgment of the circuit court is affirmed.