GOAD *v.* GOAD:

5-3235                                              377 S. W. 2d 822

Opinion delivered April 20, 1964.

*Dinning & Dinning,* for appellant.

*Pickens, Pickens & Boyce* and *John L. Anderson,* for appellee.

SAM ROBINSON, Associate Justice. Leslie J. Goad, a resident of Helena, had been an employee of the Mobil Oil Company since 1942; he died on the 3rd day of February, 1962. He had a certificate of insurance issued by the Metropolitan Life Insurance Company under a master policy issued to his employer. Goad's certificate was in the sum of $13,600.00. There was also due under the terms of the policy, a retirement annuity having a value of $1,722.12. Goad's widow was named as beneficiary in the policy, but later, Goad's children by a previous marriage were named as beneficiaries.

Subsequent to Goad's death, his widow, Hattie, filed suit against the insurance company in the Phillips Circuit Court asking judgment on the contract of insurance. The insurance company filed the case at bar—an interpleader—in the Chancery Court of Phillips County for the purpose of determining the legal beneficiaries of the policy. The full amount involved, $15,322.12, was tendered and deposited in the registry of the court. The

widow, Hattie, and the children of the deceased, Russell Lewis Goad, Helen Goad Foushee, Charles Dale Goad, and Jerry Leslie Goad, were made parties defendant for the purpose of determining the legal beneficiaries. The trial court held that the children were the beneficiaries. Mrs. Hattie Goad, the widow, has appealed.

First, appellant contends that since she had first filed suit against the insurance company in circuit court on the policy of insurance, the chancery court did not have jurisdiction to hear and determine the controversy; that the subject matter of the litigation was pending in circuit court, and that in a situation of this kind the court that first acquires jurisdiction has the right to conduct the matter to a final conclusion without interference from another court of equal dignity. Ordinarily this is true. *Askew* v. *Murdock Acceptance Corp.*, 225 Ark. 68, 279, S. W. 2d 557. But this rule is not applicable where, as here, the second suit is in the nature of an interpleader in chancery court. *Chicago, R. I. & P. R. Co.* v. *Moore,* 92 Ark. 446, 123 S. W. 233. The court said in *American Co. of Ark.* v. *Wheeler,* 181 Ark. 444, 26 S. W. 2d 115: ''The chancery court having jurisdiction in the suit in the nature of a bill of interpleader, according to the usual practice, could restrain the several parties to the suit from proceeding in other courts to have the same matters adjudicated; . . .''

In the case of *Fulmer* v. *East Ark. Abstract & Loan Co.,* 173 Ark. 668, 293 S. W. 1018, the Abstract & Loan Co. instituted an action in the circuit court against Fulmer and named the Liverpool & London & Globe Insurance Company as garnishee. The insurance company filed an interpleader in the chancery court. There, this court said: ''The insurance company was ready to pay this amount to whoever should be entitled to it. Fulmer and the abstract company each claimed to be entitled to the fund. Hence, in order to avoid a multiplicity of suits and in order to escape costs, the insurance company was entitled to some relief of an equitable nature concerning the fund in dispute, and should not be burdened with the cost of litigation because there were conflicting

14

claimants for the fund. In no other. way could it have protected itself except by filing a complaint in equity in the nature of a bill of interpleader.''

The widow, Hattie Goad, appellant, was named as beneficiary in the policy, but before his death, Goad changed the beneficiary to his aforesaid children and notified the insurance company of the change. Goad also executed a will in which he provided that the beneficiary be changed. Appellant contends that due to his mental and physical condition, Goad was not capable of making a valid change of beneficiary by will or otherwise.

It appears that Goad became ill and entered a hospital in Memphis August 30, 1961; that he was discharged from that hospital on September 11, 1961. On September 18, 1961 he went to Bradford to visit his son and became ill while there. On his return to Helena, he entered a hospital for a short time, and finally, on November 16, 1961, he entered St. Vincent's Hospital in Little Rock. He had sclerosis of the liver; his condition deteriorated and he became progessively worse until he died February 3, 1962.

On December 3, 1961, while in St. Vincent's, he signed a will, and an insurance form for change of beneficiary in his certificate of insurance. The will was mailed to his sister, Mrs. Wilson, at Bradford. His daughter, Mrs. Foushee, was one of the witnesses to the will. A lawyer was consulted about the matter, and on his advice a new will was prepared embodying the same terms as the first will. Goad, along with two proper witnesses, signed the second will on January 3, 1962. The will specifically named the Goad children as beneficiaries of the policy of insurance.

Appellant introduced strong evidence that Goad was in such condition that at the time he executed the will and the change of beneficiary form he was not capable of making a valid will or change of beneficiary. On the other hand, appellees also introduced weighty evidence to the effect that Goad did have the mental capacity to execute both instruments.

We have carefully reviewed the evidence, but it would serve no useful purpose to abstract it here. The chancellor had the opportunity to observe the witnesses and was in a much better position than is this court to determine the weight that should be given to the testimony of each and every witness. There is one outstanding uncontroverted fact, however, that we think is sufficient to tip the scales in favor of appellees. In changing the beneficiary in the certificate of insurance, Goad carried out an intent that had been expressed at a time when there is no question but that he was possessed of all his faculties. On re-direct examination, appellant, Mrs. Goad, testified that Mr. Goad had stated at a time when it is not contended that he was in any way incompetent, that he thought his inusrance should go to his children rather than to her people.

Appellant also contends that the signature on the will is not the genuine signature of the testator, but we cannot say that the chancellor's finding that the signature is genuine is contrary to a preponderance of the evidence.

Affirmed.