CHARLES DONALD CLUCK ET AL *v.* MARGARET ANN MACK ET AL

5-6095                                                         489 S.W. 2d 8

Opinion delivered January 15, 1973

*C. W. Knauts* and *Davis, Plegge & Lowe,* for appellants.

*Lee Ward,* for appellees.

CONLEY BYRD, Justice. Appellants The First Pyramid Life Insurance Company of America and Charles Donald Cluck appeal from an order of the trial court awarding $667.12 of dividend accumulations on a life insurance policy to appellee Margaret Ann Mack, a judgment creditor of appellant Cluck. For reversal appellant Cluck contends that the funds are exempt from judicial seizure by Ark. Stat. Ann. § 30-208 (Repl. 1962). Pyramid Life complains that the trial court erred in not allowing it, as an interpleader, an attorney's fee and in denying certain costs.

The record shows that Cluck had purchased from Pyramid Life a life insurance policy containing a special dividend provision for the tenth year distribution of accumulated dividends at the option of the policyholder. After Cluck elected to receive the dividends, appellee as a judgment creditor caused a writ of garnishment from the Circuit Court of Clay County to be issued on Pyramid Life before the end of the policy period. Another garnishment was subsequently issued out of the Chancery Court of Clay County upon a joint judgment due appellee and one Blanche L. Cluck. This present proceeding developed when Pyramid Life filed a statutory interpleader action, Ark. Stat. Ann. § 27-816 (Repl. 1962).

The exemption of proceeds of life insurance funds from judicial process is set forth in Ark. Stat Ann. § 30-208 (Repl. 1962) as follows:

"All moneys paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy or policies providing for the payment of life, sick, accident and/or disability benefits shall be exempt from liability or seizure under judicial process of any court, and shall not be subjected to the payment of any debt by contract or otherwise by any writ, order, judgment, or decree of any court, provided, that the validity of any sale, assignment, mortgage, pledge or hypothecation of any policy of insurance or if any avails, proceeds or benefits thereof, now made, or hereafter made, shall

in no way be affected by the provisions of this section."

The policy here issued by Pyramid Life to Cluck contained a special provision whereby $104.50 of the second, third, fourth and fifth annual premiums were to be deposited in a special fund for investment in certain named corporate stocks. The dividends from the investment in the stocks were payable to Cluck at his option as the policy holder at the end of either the tenth or twentieth calendar year if he was then living. No part of the dividends were payable to the beneficiaries named in the life policy—in fact in the event of Cluck's death prior to the tenth or twentieth calendar year, the dividends were accumulated and paid to other like policyholders according to their respective interests. Thus as we construe the policy it was to pay dividends to the policyholder as an investor and not "as the insured or beneficiary designated under any insurance policy. . ." It follows that the trial court properly denied the exemption. In upholding the trial court, we hasten to add that the dividends here involved were not a mere incident of the life policy for such dividends would be exempt. See *Allen* v. *Central Wisconsin Trust Co.*, 143 Wis. 381, 127 N.W. 1003 (1910).

We find no abuse of discretion in denying the attorney's fee to the interpleader and the costs in serving Carolyn Cluck Jackson, Doris Cluck Swang and Elma Cluck Hornyak. On the cost issue there is nothing in the record to show the above named individuals were claiming a right to any part of the funds.

The issue over the allowance of the attorney's fee arises in this manner. The bill of interpleader was filed on March 20, 1972, answers by all interested parties were promptly filed. Thereafter on April 14, 1972, a trial judge other than the one who heard the dispute on April 19th entered an order for the deposit of the money and also an order which provided:

"WHEREFORE, IT IS HEREBY ORDERED AND DECREED that Plaintiff, The First Pyramid Life Insurance Company of America, be, and it hereby is, released and discharged from all liability to De-

fendants Charles Donald Cluck, Blanche L. Cluck, Margaret Ann Mack, Carolyn Cluck, Doris Cluck Swang, and Elma Cluck Hornyak, or as to any one or more of them, as to the sum to be paid into the registry of this Court; that it be, and hereby is, awarded as its attorney's fee the sum of $   , to be taxed as costs in this suit; and that it have and recover for its other costs herein, for all of which costs the Clerk of this Court is hereby ordered and directed to forthwith issue his check, payable out of the sum so paid into the registry of this Court.

"Jurisdiction is retained to determine the adverse claims of the defendants to the remaining sum."

These two orders do not recite any appearance on behalf of appellee or any other party and make no mention of the plea of appellee that the bill of interpleader was filed in bad faith. Both such orders were filed on the day that the lower court held the hearing here involved. The last order recites that notice of the time and place of the hearing had been given to all parties but that Pyramid Life failed to appear.

We recognize that the allowance of an attorney's fee to the statutory interpleader, Ark. Stat. Ann. § 27-816 (Repl. 1962), is a matter of right but where, as here, the interpleader has notice that the fee has not been fixed and fails to appear after notice and fails to establish the statutory grounds for an equitable interpleader action, we cannot say that the trial court erred in failing to allow such fee. This is particularly so in a case where the issue of bad faith in filing the interpleader action is raised. See *Wall* v. *Wall*, (Tex. Civ. App.) 181 S.W. 2d 817 (1944).

Affirmed.

HARRIS, C.J., and FOGLEMAN, J. dissent in part.

JOHN A. FOGLEMAN, Justice, dissenting. I do not agree with that portion of the majority opinion relating to attorney's fees for the interpleader. The obvious and salutary purpose of the pertinent statutes is to protect

an innocent stakeholder not only from multiple liability but from the hazards, trouble, vexation and expense arising from a dispute over entitlement to a fund in the hands of the interpleader. *Goad* v. *Goad,* 238 Ark. 12, 377 S.W.2d 822; *Underwriters at Lloyd's* v. *Nichols,* 363 F.2d 357 (8th Cir. 1966); *New York Life Ins. Co.* v. *Miller,* 139 F.2d 657 (8th Cir. 1944); *Hunter* v. *Federal Life Insurance Co.,* 111 F.2d 551 (8th Cir. 1940); *Tollett* v. *Phoenix Assurance Co. of New York,* 147 F. Supp. 597 (D.C. Ark. 1956).

The record in this case discloses that:

Appellee Margaret Ann Mack caused a writ of garnishment to be issued against the insurance company appellant on December 1, 1971, upon a judgment she recovered against appellant Cluck and others in the Circuit Court of the Eastern District of Clay County on October 7, 1970. On December 7, 1971, appellee Margaret Ann Mack and Blanche L. Cluck caused another writ of garnishment to be issued against the insurance company upon a judgment against Charles Donald Cluck rendered on July 1, 1971, by the Chancery Court of the Eastern District of Clay County. On March 18, 1972, an alias writ of garnishment was issued upon the circuit court judgment in favor of appellee Mack. The bill of interpleader was filed on March 20, 1972. It contained an allegation that Blanche L. Cluck, appellee Mack, and Carolyn Cluck Jackson, Doris Cluck Swang and Elma Cluck Hornyak had asserted claims to the fund in the hands of the interpleader. The prayer was that the interpleader be released and discharged from liability to the claimants to the fund, all of whom were made defendants to the bill of interpleader, and, for a reasonable attorney's fee to be fixed by the court, as provided by Ark. Stat. Ann. § 27-816 (Repl. 1962). Process was issued for all defendants. Answer was filed by Margaret Ann Mack on March 24, 1972. In the answer she made the following allegations of bad faith:

This interpleader action was filed in bad faith by the plaintiff for purposes of harrassment and reducing the net amount of money which Margaret Ann Mack might obtain to go on her judgment of 10-7-

70 against Charles Donald Cluck as evidenced by the following prior acts of this plaintiff:

> This plaintiff answered Margaret Ann Mack's garnishment under her 10-7-70 judgment on Dec. 7, 1971, by claiming any money it held for or on behalf of Charles Donald Cluck was "contingent" on premiums being paid in full to 12-28-71 (when, in truth, said premiums were then fully paid to that date); and on any cash reserves under said policy not being depleted by loans to the insured (when, in truth.) the insured had never applied for any loan prior to service of the Writ); and on the insured being alive on 12-28-71 (a mere 21 days after the answer was filed).

The answer of Charles Donald Cluck, filed April 7, 1972, asserted his claim to the fund and asked that both Blanche L. Cluck and Margaret Ann Mack be enjoined from the issuance of further writs of garnishment against the insurance policy proceeds. No answer was filed by Blanche L. Cluck or any other defendant, although service of process was had on all defendants by March 24. In spite of the allegations of bad faith (which were probably demurrable) the chancery court sustained the bill of interpleader, discharged the insurance company, and retained jurisdiction to determine the adverse claims. The chancery court, in entering the order of April 14, 1972, quoted in part in the majority opinion, made specific findings that jurisdiction of the court to determine the adverse claims to the fund was established by Ark. Stat. Ann. § 27-816 and that the insurance company was "entitled to an order releasing and discharging it from all liability to the defendants as to the sum paid into the registry of the court, to recover its costs in this action, and to receive a reasonable attorney's fee to be fixed by this court and taxed as costs of the court."

In the decree from which this appeal was taken, the court found that:

1. The insurance company interpled the fund into court "[a]s the result of having been served with two

garnishments at the instance of Margaret Ann Mack and Blanche L. Cluck * * *."

2. That the circuit judgment amounted to $800 plus $22.50 costs, the full amount of which was past due and unpaid, and was based upon a wilful personal assault upon the judgment creditor.

There was no finding in this decree on the issue of good faith in the filing of the bill of interpleader. No testimony was heard by the court at the hearing on April 19. None of the three exhibits offered related in any way to the lack of good faith on the part of the interpleader or the amount to be allowed as attorney's fees.

Arkansas Statutes Annotated § 27-816 (Repl. 1962) reads:

Where there are two [2] or more adverse claimants to money or property, the person, firm or corporation or association having custody thereof may file a bill of interpleader in the chancery court of any county in which one of the claimants resides or may. be served with summons and upon depositing the money or property in the registry of the court, the court shall enter an order releasing and discharging the plaintiff from all liability; and the plaintiff shall recover all of his or its costs and a reasonable attorney's fee to be fixed by the court and taxed as costs in such suit.

The language of the statute relating to recovery of a reasonable attorney's fee upon discharge of the plaintiff is mandatory. No appeal has been taken from the order of discharge. In this light, I am unable to fathom the reasoning by which the majority holds that the insurance company was not entitled to this recovery.

Since the propriety of the chancery court's taking jurisdiction and discharging appellant First Pyramid Life Insurance Company has not been questioned, any procedural question or question of good faith is not for our consideration. Still, under the clear language of the statute and upon the authority of *American Company of Arkansas* v. *Wheeler,* 181 Ark. 444, 26 S.W. 2d 115, and

*Chicago, R. I. & P. Ry. Co.* v. *Moore,* 92 Ark. 446, 123 S.W. 233, the company had the right to proceed as it did, and it was proper for the chancery court to take jurisdiction, as it did. The allegations in the complaint were not sustained by evidence—at least no evidence of any lack of good faith in the filing of the bill of interpleader was ever produced. The mere fact that an alleged claimant did not appear did not show lack of good faith on the part of the insurance company, and the fact that the claim of one or more of them turned out to be without merit, is not of controlling importance and is insufficient to furnish any basis for an inference that the filing was not in good faith, particularly in view of the fact that Blanche L. Cluck had, by one of the writs of garnishment asserted a claim to the proceeds. See *Tollett* v. *Phoenix Assurance Co. of New York,* 147 F. Supp. 597 (D. C. Ark. 1956).

Not only did the order from which no appeal was taken foreclose the intimation that the bill was not filed in good faith, but there is no finding of lack of good faith in the decree from which this appeal was taken. Furthermore, it is clear that appellant under the statute had a clear right to resort to the remedy of interpleader regardless of whatever remedies might have been available. *Hunter* v. *Federal Life Ins. Co.,* 111 F. 2d 551 (8th Cir. 1940). That right clearly existed on the basis of the fact that garnishments had been served on appellant out of two different courts on two different judgments in two different causes of action. The fact that there was a suit pending in the circuit court on the garnishment did not make the filing of the interpleader improper. *Goad* v. *Goad,* 238 Ark. 12, 377 S.W. 2d 822. See also, *Chicago, R. I. & P. Ry. Co.* v. *Moore,* 92 Ark. 446, 123 S.W. 233. The company had a right to protect itself from a multiplicity of suits and to escape costs by this means. *Goad* v. *Goad,* supra; *Fulmer* v. *East Arkansas Abstract & Loan Co.,* 173 Ark. 668, 293 S.W. 1018. See also, *Chicago, R. I. & Pac. Ry. Co.* v. *Moore,* supra.

I submit that the statutory grounds for the bill were clearly sustained by the record itself and by the court's order of April 14 and that the appearance of appellant insurance company would have served no useful purpose

but would have only increased the expense attendant upon the proceeding.

I do not consider the case of *Wall* v. *Wall*, 181 S.W. 2d 817 (Tex. Civ. App. 1944), a decision by a Texas intermediate court, applicable to the circumstances here. There was no governing statute involved in that case, and the bill of interpleader there was only that created in equity and controlled by equity practice. The parties in that case had no right to institute a separate equitable proceeding, such as that given by our statute. Therefore, it was necessary that the interpleader make a showing that he was entitled to file a bill of interpleader in equity. But, I repeat, the court here found that the interpleader had a right to file the bill and discharged it. What was it, thereafter, required to show?

The effect of our statute on the equitable proceeding was pointed out by us in *Gilbert* v. *Missouri Pac. R. Co.*, 208 Ark. 1, 185 S.W. 2d 558. There a judgment had been rendered at law against the interpleader in favor of one of the claimants. The interpleader tendered the amount of the judgment with its bill, making the administrator, who recovered the judgment on behalf of the widow, heirs and estate of his decedent, and the workmen's compensation insurance carrier of decedent's employer parties. We held this was a proper case for application of our statute. We stated that prior to the passage of the act it had been held in *Temple* v. *Lawson*, 19 Ark. 148, that the court would exercise the ancient equity jurisdiction to hear an interplea, but it did not order the cost of the proceeding to be paid out of the fund. We declared in *Gilbert* that the effect and evident purpose of our act was to make the fund liable for the cost of distribution on the basis that the claimants should pay these costs, because it was not equitable that the interpleader should pay more than its liability.

I think that this case is more nearly like *Hunter* v. *Federal Life Insurance Company*, 111 F. 2d 551 (8th Cir. 1940) than *Wall*, even though an equitable bill of interpleader was involved. The assertion was made that the insurance company there had an adequate remedy at law by defending on the basis of a claim adverse to that of its

beneficiary or by bringing a declaratory judgment suit. That argument was rejected, and the court, speaking through Judge Sanborn, said:

> We think that the plaintiff had a right to resort to the remedy of interpleader regardless of what other remedies were available, since a stakeholder, in such a situation as the plaintiff, is to be regarded as having no adequate legal remedy or at least none as adequate as that of interpleader.

The court also said that the remedy of interpleader should afford a simple, speedy, efficient and economical remedy.

I do not perceive any barrier to the allowance of the attorney's fees by reason of non-appearance of the insurance company or its attorney. The order of April 14, from which no appeal has been taken, clearly established the right to attorney's fees and only left the amount for determination. If that order were not sufficient, the mandatory language of the statute requires allowance of the fee, since the insurance company had a right to proceed by bill of interpleader. The only thing that might have been accomplished by an appearance would have been the offering of testimony to guide the court in determining the amount to be allowed. But this was not necessary and probably would have cost as much as the allowance to be anticipated.

We have recognized that courts, both trial and appellate, may use their own experience and knowledge of the character of services, such as those rendered by an attorney, as a guide. *Robinson* v. *Champion*, 251 Ark. 817, 475 S.W. 2d 677. This may be done without the court hearing any testimony where the court is familiar with the case and has the whole matter before it, and the court may even apply its own knowledge and ideas of the amount to be allowed, even though it be different from, or in defiance of, that shown by evidence. *Missouri Pac. Transp. Co.* v. *McDonald*, 206 Ark. 270, 174 S.W. 2d 944; *Slayton* v. *Russ*, 205 Ark. 474, 169 S.W. 2d 571; *Lilly* v. *Robinson Mercantile Co.*, 106 Ark. 571, 153 S.W. 820. We have, in instances too numerous to mention, and

apparently without exception, made allowances for attorney's fees without any evidence whatever. See, e.g., *Lowrey* v. *Lowrey*, 251 Ark. 613, 473 S.W. 2d 431; *Riegler* v. *Riegler*, 243 Ark. 113, 419 S.W. 2d 311.

I would allow a fee of at least $100, or remand the case to the chancery court to fix the amount of the fee.

I am authorized to state that Chief Justice Harris joins in this dissent.