**In re Curtis E. JAMES, d/b/a Rancher, Debtor.**

**In re Brenda S. JAMES, d/b/a Rancher, Debtor.**

**Bankruptcy Nos. 582–00137, 582–00138.**

United States Bankruptcy Court, D. South Dakota.

June 23, 1983.

Michael M. Hickey, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for creditor.

William Jason Groves, Rapid City, S.D., for debtors.

## MEMORANDUM DECISION
## AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

A creditor filed objections to the exemptions claimed by the Debtors. The objections came on for hearing before the Bankruptcy Court on April 29, 1983. Because the objections raise identical issues, the matters are consolidated for decision by the Court. The facts are uncontroverted.

Curtis E. James and Brenda S. James, husband and wife, each filed separate Chapter 7 bankruptcy petitions on November 26, 1982. Included in the petitions at Schedules B–4, "Property Claimed as Exempt," Debtors separately claimed life insurance policies in an amount of $30,000. pursuant to South Dakota Codified Laws §§ 43–45–6 and 58–12–4. The meeting of creditors in each case was subsequently scheduled for January 18, 1983, but was continued indefinitely and had not been closed as of the hearing held on the matters herein. The Debtors amended their exemption schedules on January 21, 1983, to include individual claims of homestead exemptions. On February 10, 1983, and February 17, 1983, Jeannie L. James, a creditor, filed Objections to Claim for Exemption regarding debtor Curtis E. James and debtor Brenda S. James respectively. Jeannie L. James is the mother of debtor Curtis E. James. Debtors filed Applications for Hearings thereon on March 4, 1983.

Local Bankruptcy Rule 6, adopted by this Court on October 1, 1979, requires that an objection to a debtor's claim of exemption must be made in writing and filed with the Clerk of the Bankruptcy Court no later than fifteen days after the first date scheduled for the meeting of creditors. The Rule also provides that the Court for cause may grant an extension of time within which the party of interest may

file an objection. In the instant case, the meeting of creditors for each Debtor was scheduled for January 18, 1983. Because debtor Curtis E. James did not have sufficient business records with him, the meeting was continued. On February 10, 1983, Jeannie L. James (the "Creditor") filed an objection to the claimed life insurance policy exemption of debtor Curtis E. James. On February 17, 1983, the Creditor filed a similar objection to the same exemption claimed by debtor Brenda S. James. Additionally, the Creditor made an objection to all exemptions alleging the Debtors had acted in bad faith. The objections were filed in excess of fifteen days after the date first set for the meetings of creditors. However, the Debtors did not refute the affidavit of the Creditor stating that she had been "repeatedly contacted and advised by the debtor, Curt James, not to file an objection to the claims for exemption filed by him and his spouse." The Creditor also stated that Mr. James advised her that any objection "would be contrary to the interests of the debtors and your affiant." The Debtors did not allege any prejudice should the Court consider the Creditor's objections. Therefore, considering this lack of prejudice and the fact that the Creditor's son was the one advising her not to file the objections, the Court will consider the objections timely filed.

The first question before the Court is whether a debtor acts in bad faith when converting nonexempt assets to exempt assets on the eve of filing a bankruptcy petition. The second question is whether SDCL 43–45–6 and SDCL 58–12–4 provide mutually exclusive or cumulative exemptions for life insurance policies held by a debtor. Necessarily, the issue of availability of the life insurance exemptions to both husband and wife when they file separate bankruptcy petitions must also be addressed.

■ The issue of conversion of nonexempt assets to exempt assets on the eve of bankruptcy has been addressed by this Court in several decisions. Congress has given that right to all debtors and it is not for this Court to take away that right. *See,*

*In re LeLaCheur,* No. 581–00142, slip op. at 2 (Bkrtcy.D.S.D. May 24, 1982); *In re Johnson,* 8 B.R. 650 (Bkrtcy.D.S.D.1981); *In re Brandt,* No. BK75–4125 and No. BK75–4126, slip op. (Bkrtcy.D.S.D. Oct. 7, 1976). There has been no allegation of fraudulent intent of the Debtors. There is no basis for a denial of a claim of exemptions simply because a debtor exercises a right provided by law.

■ The second question raised by the Creditor's objection concerns the life insurance exemptions claimed by the Debtors. Both Debtors claimed ten thousand dollars' cash value in life insurance policies under SDCL 43–45–6. Section 43–45–6 provides in part:

> The proceeds of any insurance upon the life of any person residing in this state, at the time of his death and who leaves a surviving widow, husband, or minor child or children, payable upon his death to his estate, executor, or administrator, and not assigned to any other person, shall, to any amount not exceeding ten thousand dollars, inure to the use of such surviving widow, husband, minor child or children
>
> . . .

SDCL 43–45–6 (1967).

By the clear language of the statute, § 43–45–6 applies to the surviving spouse and children of a decedent. The proceeds of a life insurance policy payable to the decedent's estate, executor, or administrator are exempt from process. The Bankruptcy Code defines "debtor" as a person or municipality. 11 U.S.C. § 101(12). A "person" is further defined as an individual, partnership, or corporation. 11 U.S.C. § 101(30). The executor or administrator of a decedent's estate cannot file for relief under the Bankruptcy Code. A decedent cannot file for bankruptcy relief. Therefore, SDCL 43–45–6 has no application in determining exemptions available to a debtor in a bankruptcy proceeding.

■ Section 58–12–4 provides that the proceeds of a life insurance policy in a total amount not exceeding twenty thousand dollars are exempt from the claims of credi-

tors. SDCL 58–12–4. Such proceeds may be payable to the "insured or surviving spouse or children" and are not subject to the debts of any or all such persons. Curtis E. James and Brenda S. James are husband and wife, but both individually claim an exemption of twenty thousand dollars under § 58–12–4 because they filed separate bankruptcy petitions. This is contrary to statute. The statute makes provision for the benefit of a family. The statute provides for a *total* exemption of twenty thousand dollars only. These proceeds are not subject to the debts of the insured, spouse, or children. On their schedules, both Debtors listed debts identical in amount and payable to the same creditors. The Debtors have attempted, by filing separate bankruptcy petitions and claiming double exemptions, to circumvent the purpose of the Bankruptcy Code which is to provide the honest debtor with a fresh start. If this Court were to uphold the double exemptions claimed by the Debtors, it would not be a fresh start they receive but a flying start. Neither the Bankruptcy Code nor the South Dakota exemption statutes make such provision.

Accordingly, it is hereby

ORDERED that the Creditor's objection to the Debtors' conversion of nonexempt assets to exempt assets on the eve of bankruptcy is overruled; and it is

FURTHER ORDERED that the Creditor's objection to any claim of exemption under SDCL 43–45–6 is sustained; and it is

FURTHER ORDERED that the Creditor's objections to the life insurance exemptions claimed by the Debtors are sustained to the extent that debtor Curtis E. James and debtor Brenda S. James claim, in total, an exemption for any amount in excess of twenty thousand dollars from the proceeds of life insurance under SDCL 58–12–4; and it is

FURTHER ORDERED that any claim of exemption by both debtor Curtis E. James and debtor Brenda S. James is cumulatively restricted to the statutory limits allowed for a family.