**In re Thomas E. DUCKETT and Betty J. Duckett, Debtors.**

**Bankruptcy No. TX 85–76F.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Sept. 16, 1986.

James H. Gray, Jr., Little Rock, Ark., for debtors.

Claude S. Hawkins, Jr., Ashdown, Ark., for creditor.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Now before the Court is the Trustee's amended objection to the debtors' claim as exempt the proceeds of the cash value of their interests in certain Metropolitan life insurance policies. The issue of whether such proceeds should be declared exempt has been presented upon stipulations and briefs.

It is the trustee's position that the cash value proceeds of life insurance are not exempt under Arkansas law because the proceeds represent value held by the debtors as investors rather than as insureds or beneficiaries.

It is the debtors' position that the relevant Arkansas life insurance exemption provision exempts not only death benefits but "all moneys," including the cash surrender value of insurance policies.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) & (O). The Court has proper jurisdiction over the parties and, the case has been filed in the proper venue. The following constitute the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### Facts

Thomas E. Duckett is the owner of and Betty J. Duckett is the beneficiary of eight

Metropolitan Life insurance contracts with a net cash value as of August 23, 1985 of $31,307.34.

Each of the eight policies is a policy for whole life insurance except for policy number 752 503 188 AB, which is an annuity policy with a cash value of $3,316.91 as of June 28, 1985.

The debtors have claimed the cash value proceeds of the policies as exempt under Ark.Stat.Ann. § 30–208 (Repl.1979) and Ark.Stat.Ann. § 36–211(b)(7) (Cum Supp. 1985).

### Conclusions of Law

■ Section 36–211(b)(7) of the Arkansas statutes provides that proceeds of life, health, accident and disability insurance, as provided by section 30–208 of the Arkansas statutes, are exempt in federal bankruptcy proceedings. Ark.Stat.Ann. § 36–211. Section 30–208 provides in pertinent part:

*All moneys* paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy or policies providing for the payment of life, sick, accident and/or disability benefits *shall be exempt* from liability or seizure under judicial process of any court, and shall not be subjected to the payment of any debt by contract or otherwise by any writ, order, judgment, or decree of any court....

Ark.Stat.Ann. § 30–208 (emphasis supplied). The Arkansas life insurance exemption provision is very broad and very specific. *Id.; and see* 3 *Collier on Bankruptcy* ¶ 522.16, p. 522–54, n. 3; ¶ 522.24, p. 522–73. The statue clearly exempts "all moneys," not just death benefits. *See, e.g., In re Weiler*, No. FA 82–1048F, slip. op. (Bkrtcy.E.D.Ark., September 8, 1986)(unpublished). In the jurisdictions in which the exemption applies just to "proceeds" or to "proceeds and avails," the courts have held the cash surrender value of a policy to be proceeds and therefore exempt. *See, In re James*, 31 B.R. 67 (Bkrtcy.D.S.D.1983); *In re Manicure*, 29 B.R. 248 (Bkrtcy.W.D. Va.1983).

The Arkansas statute has no limiting language, simply stating that *all moneys* are exempt. Cash surrender proceeds would thus fall squarely within the Arkansas exemption. *In re Weiler*, No. FA 82–1048F, slip. op. at 4.

In his objection the trustee relies heavily upon *Cluck v. Mack*, 253 Ark. 769, 489 S.W.2d 8 (1973), where dividend accumulations were held not to be exempt life insurance. That case can be distinguished from the case now before the Court. In *Cluck* the debtor attempted to exempt proceeds from an investment plan which had no insurance function. In *Cluck* the Court did not order the debtor to liquidate his life insurance and pay the cash value to his creditors; rather, the Court merely took for the creditors the investment portion of an insurance policy. *Id.* at 771, 489 S.W.2d at 9. The Court stated:

In upholding the trial court, we hasten to add that the dividends here involved were not a mere incident of the life insurance policy for such dividends would be exempt. *See Allen v. Central Wisconsin Trust Co.*, 143 Wis. 381, 127 N.W. 1003 (1910).

*Id.*

■ The cash value of each of Thomas E. Duckett's life insurance policies is "an incident of the life insurance policy." The policies at issue in this case contain no investment device. Therefore, the Court concludes that the cash value proceeds are exempt. Thus, the trustee's objection to the debtor's claim of exemption in regard to the cash value proceeds of his life insurance policies should be, and hereby is, denied.

An Order in accordance with this opinion will be entered.