**In re Joseph Nicholas WEILER, Debtor.**

**Bankruptcy No. LR 82–1048F.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Sept. 24, 1986.

Donald Barnes, Sandra DeVore, Little Rock, Ark., for debtor.

Geoffrey B. Treece, Little Rock, Ark., trustee.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

On April 23, 1986 a hearing was held on the trustee's objection to the amendment to Schedule B–4 in which the debtor claims as exempt cash surrender proceeds of certain life insurance policies.

The Court has jurisdiction to hear this matter as a core proceeding. 28 U.S.C. § 157(b)(2)(B) & (0). The following constitutes the Court's findings of fact and conclusions of law as required by Bankruptcy Rule of Procedure 7052.

### Facts

The facts are uncontroverted. When the chapter 7 bankruptcy petition was filed on

October 26, 1982, the debtor was insured under two whole life insurance policies. The debtor's children were the named beneficiaries. Initially, the debtor failed to claim the cash surrender value of the policies as exempt when he filed his petition and schedules. Discharge was granted on March 10, 1983 and the case was reopened by order of this Court on August 4, 1983. Subsequently, the trustee surrendered the policies and collected the cash surrender proceeds from the insurance companies. After that occurred, the debtor, on January 2, 1986, amended his schedules, claiming the cash surrender proceeds exempt under Ark.Stat.Ann. § 36–211(b)(7) (Cum.Supp. 1985). The trustee responded by objecting to the claim of exemption.

### Issue

The issue now before the Court is whether the cash surrender proceeds of the debtor's life insurance policies may be claimed as exempt under Arkansas law.

### Conclusions of Law

The applicable statutes are Ark.Stat.Ann. § 30–208 (Repl.1979) and Ark.Stat.Ann. § 36–211. The latter, the state exemption statute, states in pertinent part as follows:

(b) The exemptions granted in subsection (a) of this Section shall be in addition to the present exemptions granted by Arkansas law as listed below:

\*      \*      \*      \*      \*      \*

(7) Proceeds of life, health, accident and disability insurance. (Ark.Stat. 30–208)

Ark.Stat.Ann. § 36–211(b)(7).

The applicable statute specifically regarding the exemption of moneys paid to the insured under the policy provides:

All moneys paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy or policies providing for the payment of life, sick, accident and/or disability benefits shall be exempt from liability or seizure under judicial process of any court, and shall not be subjected to the payment of any debt by contract or otherwise by any writ, order, judgment, or decree of any court, provided, that the validity of any sale, assignment, mortgage, pledge or hypothecation of any policy of insurance or if any avails, proceeds or benefits thereof, now made, or hereafter made, shall in no way be affected by the provisions of this section. [Acts 1933, No. 102, § 1, p. 321; Pope's Dig., § 7988.]

Ark.Stat.Ann. § 30–208. Ark.Stat.Ann. § 36–211 makes it clear that the exemption found in Ark.Stat.Ann. § 30–208 is available to a debtor in federal bankruptcy proceedings.

There are no reported Arkansas Supreme Court cases construing Ark.Stat.Ann. § 208 with respect to its applicability to the cash surrender value of an insurance policy. However, the plain language of the statute makes it clear that the exemption right does not come into existence only in regard to death benefits. Rather, the provision exempts *"[a]ll moneys paid or payable to any resident of this state as the insured or beneficiary...." Id.* (emphasis added). *Collier on Bankruptcy* notes in its discussion of insurance exemption provisions throughout the United States that Arkansas's exemption statute is "perhaps the broadest in the country." 3 *Collier on Bankruptcy* ¶ 522.16, p. 522–54, n. 3, and ¶ 522.24, p. 522–73 (15th ed. 1986). In other jurisdictions in which the exemption applies only to "proceeds" or to "proceeds and avails," the courts have held the cash surrender value of a policy to be proceeds and therefore exempt. *See, In re James,* 31 B.R. 67 (Bkrtcy.D.S.D.1983); *In re Manicure,* 29 B.R. 248 (Bkrtcy.W.D.Va. 1983). Arkansas has even broader statutory language, *i.e.,* "all moneys," which unquestionably includes the cash surrender proceeds which could be paid to the insured under the policy.

It is the trustee's position that the proceeds involved here are in the nature of a return on an investment and, as such, in accordance with a 1973 Arkansas Supreme Court case, are not exempt. *See, Cluck v.*

*Mack,* 253 Ark. 769, 489 S.W.2d 8 (1973). This Court disagrees. In *Cluck* the insurance policy contained "a special provision whereby $104.50 of the second, third, fourth and fifth annual premiums were to be deposited in a special fund for investment in certain named corporate stocks" and dividends from those investment stocks "were payable to Cluck at the end of either the tenth or twentieth calendar year if Cluck was then living." *Id.* at 771, 489 S.W.2d at 9. No part of those investment dividends was payable to the beneficiaries. *Id.* The Arkansas Supreme Court determined that the proceeds in *Cluck* were not exempt because the policy in issue provided to pay dividends to the policyholder "as an investor and not 'as the insured or beneficiary designated under any insurance policy....'" *Id.*

The insurance policies in the case now before this Court contain no investment device or special dividend provision like that included in the *Cluck* policy. The proceeds at issue in this case are the cash surrender proceeds of the debtor's policies and are a mere incident of the debtor's life insurance policies. As such, the proceeds are moneys payable to the insured under his life policies and, thus, are exempt under Ark.Stat.Ann. § 30–208. *Accord, Cluck v. Mack, Id.* at 771, 489 S.W.2d at 9(dicta).