**In re William E. JOHNSON and Harriet M. Johnson, Debtors.**

**Bankruptcy No. FA 85–214F.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Sept. 29, 1986.

Jill Jacoway, Fayetteville, Ark., for debtor.

John T. Lee, Siloam Springs, Ark., trustee.

## ORDER

ROBERT F. FUSSELL, Chief Judge.

Following the August 19, 1986 hearing the Court took one issue under advisement upon the parties' stipulations and briefs. The issue is whether the Court should grant or deny the trustee's objection to the debtors' claim as exempt all interests in four whole life insurance policies.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (O). The following constitute the Court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

### Facts

On November 15, 1985, William E. Johnson and Harriet M. Johnson, the debtors, filed their original chapter 7 bankruptcy petition. The debtors amended their petition on June 4, 1986, by claiming as exempt all interests in four whole life insurance policies with surrender values as follows:

| Policy | Surrender Value |
|---|---|
| VA #V8130613 | $1,191.03 |
| NW Mutual #2759255 | 1,002.79 |
| Bankers Life #1568984 | 560.62 |
| Bankers Life #1640126 | 1,142.52 |
| | $3,896.96 |

Mr. Johnson is the insured and Mrs. Johnson is the beneficiary of each of the policies.

The trustee has objected to the debtors' exemption and claims that the cash surrender value totalling $3,896.96 should be turned over to the bankruptcy estate.

### Conclusions of Law

In Ark.Stat.Ann. § 36–211, the Arkansas Legislature has brought together all of the state exemptions allowed for Arkansas debtors. Subsection 36–211(b)(7) lists specifically the exemption of life insurance proceeds as contained in Ark.Stat.Ann. § 30–208. That statute states in relevant part:

> All moneys paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy or policies providing for the payment of life, sick, accident and/or disability benefits *shall be exempt from liability or seizure* under judicial process of any court, and shall not be subjected to the payment of any debt or contract or otherwise by any writ, order, judgment, or decree of any court. . . .

Ark.Stat.Ann. § 30–208 (Repl.1979) (emphasis added). The statute does not limit the exemption to death benefits. Rather, the statute allows *"all moneys* paid or payable" to be exempt from judicial process of any court. The statute also provides that the exemption extends to moneys paid under the policy to either the *insured,* herein Mr. Johnson, or the *beneficiary,* herein Mrs. Johnson.

The debtors are claiming as exempt the cash surrender values of the four life insurance policies. "The term 'cash surrender value' means the cash value . . . of a contract of insurance which has been abandoned and given up for cancellation to the insurer by the person having the contract right to do so." 43 Am.Jur.2d "Insurance" § 729, p. 809 (1982).

While there is no Arkansas case interpreting the exemptions in Ark.Stat.Ann. § 30–208 regarding cash surrender value of insurance policies, the Arkansas Supreme Court has indicated it would allow the exemption of any moneys which are "a mere incident of the life policy." *Cluck v. Mack,* 253 Ark. 769, 771, 489 S.W.2d 8, 9 (1983). In *Cluck* the Arkansas court disallowed the claimed exemption because, unlike the case at bar, the moneys involved were deposited into a special fund for investment and payments from that investment device were to be paid to the debtor an investor, not as a beneficiary or insured. No such investment device is involved in the debtors' policies.

In the case at bar, if the insured were to exercise his option to surrender the life insurance policies for their cash value, the returned value would not be from any separate deposits taken from the premium which the debtors had paid, as in *Cluck.* Also, if the insured were to die, the beneficiary would recover the resulting proceeds, unlike the *Cluck* case in which the debtor/investor had to be alive to claim the investment proceeds.

Therefore, the Court finds that the cash surrender values of the policies in question are incidents of the policies themselves and, as such, are exempt based upon Ark.

Stat.Ann. § 30–208. *In re Weiler*, 65 B.R. 564, 566 (Bkrtcy.E.D.Ark.1986).

Therefore, the Court holds that the trustee's objection to the debtors' claim of exemption in regard to the four life insurance policies should be denied.