In re William E. JOHNSON and Harriet M. Johnson, Debtors.

John T. LEE, Trustee, Appellant,

v.

William E. and Harriet JOHNSON, Debtors, Appellees.

Civ. No. 86–5172.

United States District Court, W.D. Arkansas, Fayetteville Division.

Jan. 8, 1987.

John T. Lee, pro. se. Elrod & Lee, Siloam Springs, Ark., for appellant.

Jill R. Jacoway, Fayetteville, Ark., for debtors.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

The trustee has appealed a ruling of the bankruptcy court holding that the cash surrender values of life insurance policies are exempt from the claims of creditors under Arkansas law. 66 B.R. 39. By way of background, we note that in accordance with the provisions of 11 U.S.C. § 522(b), Arkansas "opted out" of the federal exemptions provided by 11 U.S.C. § 522(a). In 1981 Ark.Acts No. 419 § 2(b)(7), the General Assembly directed that the proceeds of life, health, accident and disability insurance should be exempt from execution under bankruptcy proceedings, all in accordance with Ark.Stat.Ann. § 30–208. That statute, in turn, provides that:

*All* moneys paid or *payable* to any resident of this state *as the insured* or beneficiary designated under any insurance policy or policies providing for the payment of life ... benefits shall be exempt from liability or seizure....

The trustee argues that only "proceeds" of life insurance policies are protected, by which he means the death benefits themselves. The statute, however, does not limit the exemption to such benefits. Rather, it states that *all* moneys paid or *payable to an insured* under any insurance policy are exempt. How plain can it be but that "cash surrender values" are amounts "payable" (though not paid) to an insured (not his beneficiary) under a life insurance contract? The court believes that if the statute means what it says, then the court must determine that *all* such amounts are exempt, without limitation.

The parties have argued the applicability of *Cluck v. Mack*, 253 Ark. 769, 489 S.W.2d 8 (1973), which decided that special dividends payable to the insured not as a beneficiary, but as an investor, were not properly exempted from the claims of creditors. Interesting in this respect is that the judgment creditor in *Cluck v. Mack, supra,* made no argument or attempt to recover the "cash surrender value" of the debtor's policies. Perhaps it had none, but that is hardly to be expected. *Cluck* creates a narrow exception to the broad language of section 30–208, holding that moneys not otherwise "destined" to become part of the fund to be enjoyed by the beneficiaries of a life insurance policy, could not have the benefit of the exemption. If the cash value of the policy were to be distributed to creditors, however, the amount available to beneficiaries would be correspondingly smaller. In *Cluck*, the "dividends" were never to be distributed to the beneficiaries. If the insured had died before they fell due, his beneficiaries would have received the policy amount. His estate would be given no dividends. Rather "... in the event of Cluck's death prior to the [date of distribution] the dividends were [to be] accumulated and paid to other like policyholders...." *Id.* at 771, 489 S.W.2d 8.

The trustee's position finds no comfort in *Cluck v. Mack. Id.* A learned commentator has opined that Arkansas' exemption is

"perhaps the broadest in the country." *Collier's on Bankruptcy* (15th ed.) § 522.16 n. 3. It would not be so if cash values were available to creditors. In fact, in such a case the exemption would be valid only if the debtor died. Otherwise, his death benefit could be reduced without any limitation, and in fact the value of his policy completely ransacked.

The trustee's position, finally, is that "proceeds" must be limited to "death benefits." The statute, however, does not refer to "proceeds" but to "all moneys paid or payable" and therefore includes some notion of futurity, by virtue of the use of the word "payable." Death benefits are reduced by policy loans, etc., and the effect of taking the cash out of the policy would reduce those "proceeds" ultimately.

For these reasons, we conclude that the decision of the bankruptcy court should be affirmed. A separate order in accordance herewith will be concurrently entered.